UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SAM WILSON,

        Plaintiff,

  v.                                        20-CV-1899-LJV-JJM
                                               DECISION & ORDER
JORD INC.,

        Defendant.

---

On December 24, 2020, the plaintiff, Sam Wilson, filed this action alleging that Jord, Inc., violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, by operating a website that is inaccessible to individuals with visual disabilities. Docket Item 1. On February 19, 2021, Jord moved to dismiss the complaint, arguing that this Court lacks subject matter and personal jurisdiction. Docket Item 7. Wilson responded to the motion to dismiss on March 19, 2021, and Jord replied on April 9, 2021. Docket Items 15, 20.

In the meantime, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 13. On August 11, 2021, Judge McCarthy issued a Report and Recommendation ("R&R") finding that Jord's motion should be granted for lack of personal jurisdiction. Docket Item 21.

Wilson objected to the R&R on August 25, 2021, arguing that Judge McCarthy relied on an "inapposite" case in concluding that Wilson failed to establish personal

jurisdiction.  Docket Item 22.  Jord responded to Wilson's objection on September 22, 2021, and on October 6, 2021, Wilson replied.  Docket Items 26, 27.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection, response, and reply; and the materials submitted to Judge McCarthy.  Based on that *de novo* review, the Court agrees with Judge McCarthy that Wilson has not established personal jurisdiction.

## **FACTUAL BACKGROUND**[1]

Sam Wilson is a legally blind resident of Amherst, New York.  Docket Item 1 at ¶ 19.  He "navigates the internet through the use of an iPhone 8 with voice-over technology[] and an iPad 4 which uses JAWS technology."  *Id.* at ¶ 2.  That technology "translates" visual information on the internet "into an aud[ible] equivalent" so that individuals with visual disabilities can access and navigate websites online.  *Id.* at ¶ 3 (citation omitted).

Jord is a Missouri corporation that "is a leader in the design, development, manufacture, and distribution of watches, sunglasses, and related products."  *Id.* at ¶¶ 4, 20.  Wilson attempted to access Jord's website from his home in Amherst, but he was

---

[1] The Court assumes familiarity with the facts alleged in the complaint, Docket Item 1.  Accordingly, the Court sets forth only a brief recitation of the facts relevant to Wilson's objections here.

"unable to understand[] . . . much of the content and services he wishes to access" on the website because Jord "fail[ed] to build the [w]ebsite in a manner that is compatible with screen[-]reader programs."  *Id.* at ¶ 25.  For example, Jord's website includes a "cart icon that is not labeled," which might "prevent some users from checking out."  *Id.*  And individuals using screen readers cannot access the content of Jord's "promotional pop-up showing . . . holiday sale information."  *Id.*

Those accessibility barriers "deny [Wilson] full and equal access to all of the services the [Jord] [w]ebsite offers, and [] deter him from attempting to use the [w]ebsite."  *Id.* at ¶ 26.  But Wilson still would like to "attempt to access the [w]ebsite in the future to research the products and services the [w]ebsite offer[s], or to test the [w]ebsite for compliance with the ADA."  *Id.*  Wilson therefore asks for a permanent injunction requiring Jord to, among other things, "[r]etain a qualified consultant acceptable to [Wilson] who shall assist in improving the accessibility of [the] [w]ebsite."  *Id.* at ¶ 13.  He also asks for a judgment declaring that "at the commencement of this action [Jord] was in violation of the specific requirements of Title III of the ADA."  *Id.* at 16.

## **LEGAL PRINCIPLES**

"In order to survive a motion to dismiss for lack of personal jurisdiction, the plaintiff[] must make a prima facie showing that jurisdiction exists."  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (alterations omitted) (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010)).  "This prima facie showing 'must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant.'"  *Id.*

3

(quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010)). In resolving a motion to dismiss for lack of personal jurisdiction, a court "construe[s] the pleadings and affidavits in the light most favorable to [the] plaintiff[], resolving all doubts in [its] favor." *Chloé*, 616 F.3d at 163 (quoting *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008)). But a court "will not draw argumentative inferences in the plaintiff's favor, nor must [it] accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (citations and internal quotation marks omitted).

## DISCUSSION

### I. WAIVER

As an initial matter, Jord contends that Wilson waived the personal jurisdiction arguments in his objection when he failed to raise them in his response to the motion to dismiss. Docket Item 26 at 3-5. This Court agrees that Wilson's objections raise new substantive arguments that should have been presented to Judge McCarthy in the first instance.

In his response to the motion to dismiss, Wilson devoted only two paragraphs to the issue of personal jurisdiction. Docket Item 15 at 18-19. And in those two paragraphs, Wilson explicitly argued that personal jurisdiction existed for some reason other than New York's long-arm statute, New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 302.[2] In fact, Wilson seemed to argue that personal jurisdiction somehow

---

[2] Much of those two paragraphs was devoted to arguing that Jord's website is a place of public accommodation. Docket Item 15 at 18-19.

existed under the ADA itself and 28 U.S.C. § 1331, the statute conferring general federal-question subject matter jurisdiction. *See* Docket Item 15 at 18 (distinguishing case where "the [p]laintiff was attempting to assert personal jurisdiction under N.Y. C.P.L.R. § 302(a)(1)" because "[j]urisdiction in this case is pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188").

In his objection to this Court, Wilson changes tack entirely. He now argues that this Court has personal jurisdiction over Jord under section 302(a)(1) of the New York long-arm statute—in other words, exactly the opposite of what he argued to Judge McCarthy.[3] Docket Item 22. And Wilson now marshals a host of other cases in which he says a "court[] [] f[ound] personal jurisdiction over similar claims." *Id.* at 6-7 (capitalization removed). But Wilson offered only one of those cases to Judge McCarthy in his response to the motion to dismiss, and he cited it to argue not in support of personal jurisdiction but instead in support of subject matter jurisdiction.[4] *See* Docket Item 15 at 15.

---

[3] In his objection, Wilson concedes that his references to 28 U.S.C. § 1331 and the ADA in his response "incorrectly referred to subject matter jurisdiction rather than personal jurisdiction," Docket Item 27 at 2, an admission that is in tension with his assertion that he "has not raised any new arguments" in his objection, *id.*

[4] Wilson also cited two other cases in his complaint in support of personal jurisdiction. *See* Docket Item 1 at ¶ 16. Judge McCarthy concluded that those cases were inapposite because they "d[id] not address the personal jurisdiction issue." Docket Item 21 at 5. In his reply to his objection, Wilson again offers those cases. *See* Docket Item 27 at 2. Wilson does not argue, however, that Judge McCarthy erroneously interpreted those cases; he instead cites them only to contend that he has not raised any new arguments in his objection because he generally has asserted that personal jurisdiction exists throughout this case. *See id.* (maintaining that "the argument that the Court has personal jurisdiction over the claim extends back to [the] [p]laintiff's [c]omplaint"). But that does not change the fact that the basis for personal jurisdiction on which he now relies is the opposite of what he argued to Judge McCarthy.

Because Wilson has turned 180 degrees, now relies on N.Y. C.P.L.R. § 302(a)(1), and cites a bevy of new cases in his objection, Jord argues that "this Court should refuse to consider these arguments." Docket Item 26 at 4. Wilson counters that Jord "[t]ellingly" offers "no authority to support" its waiver argument. Docket Item 27 at 3. But Wilson can find that authority on the last page of the R&R, where Judge McCarthy specifically warned Wilson that a district judge "will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance." Docket Item 21 at 6 (citing *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988)). And Wilson's belated attempt to bolster the ill-conceived personal jurisdiction argument he made in his response to Judge McCarthy by developing the argument far more thoroughly in his objection is precisely the sort of double-dipping that this principle is designed to preclude. *See Paterson-Leitch*, 840 F.2d at 990 ("[T]he party aggrieved" by a magistrate judge's recommendation "is entitled to a review of the bidding rather than to a fresh deal.").

For that reason, this Court could refuse to consider the substance of Wilson's objection altogether. But even if that were not the case, the result would be the same because this Court agrees with Judge McCarthy that Wilson has not adequately established personal jurisdiction over Jord.

## II.     PERSONAL JURISDICTION

According to the complaint, Jord "is a Missouri corporation with its principal place of business [in] St. Louis, Missouri." Docket Item 1 at ¶ 20. To determine whether personal jurisdiction exists over an out-of-state defendant such as Jord here, a court

6

first "look[s] to the law of the forum state to determine whether personal jurisdiction will lie."[5] *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013). "If jurisdiction lies" under the state law, the court next considers "whether the . . . exercise of personal jurisdiction over a foreign defendant comports with due process protections established under the United States Constitution." *Id.*

As noted above, Wilson now says that this Court has personal jurisdiction over Jord under N.Y. C.P.L.R. § 302(a)(1). That statute provides that a court "may exercise personal jurisdiction over any non-domiciliary[] . . . who in person or through an agent[] transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). "So, in determining whether personal jurisdiction may be exercised under section 302(a)(1), 'a court must decide (1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action arises from such a business transaction.'" *Licci*, 673 F.3d at 60 (alterations and internal quotation marks omitted) (quoting *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007)).

"[T]he overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails itself of the privilege of conducting activities within New York, thereby invoking the benefits and protections of its laws." *Id.*

---

[5] Because the ADA does not provide for nationwide service for process, the Court looks to New York State law to determine whether it has personal jurisdiction over the defendant. *See Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004) ("In a federal question case, where the defendant resides outside the forum state, federal courts apply the forum state's personal jurisdiction rules if the applicable federal statute does not provide for national service of process."). And while "the plaintiff's service of process upon the defendant must have been procedurally proper" for a Court to exercise personal jurisdiction, *see Licci*, 673 F.3d at 59, Jord does not contend that service was improper here.

at 61 (citations and internal quotation marks omitted).  "If the defendant is transacting business in New York, the second half of the section 302(a)(1) inquiry asks whether the cause of action 'arises from' that business transaction or transactions."  *Best Van Lines*, 490 F.3d at 249 (alterations and citation omitted).

The sum total of Wilson's allegations regarding Jord's commercial activity in New York is that "[t]hrough its [w]ebsite, [Jord] entered into contracts for the sale of its products and services with residents of New York" and that those "online sales contracts involve[] . . . [Jord's] knowing and repeated transmission of computer files over the [i]nternet."[6]  Docket Item 1 at ¶ 16.  But that sort of "conclusory allegation that [the] [d]efendant used its nationally-available website to solicit [customers] in New York" is "not sufficient to establish personal jurisdiction" under the New York long-arm statute.  *See Camacho v. Vanderbilt Univ.*, 2019 WL 6528974, at *6 (S.D.N.Y. Dec. 4, 2019); *see also Mercer v. Rampart Hotel Ventures, LLC*, 2020 WL 882007, at *5 (S.D.N.Y. Feb. 24, 2020) (same).  And without non-conclusory allegations that Jord did more than simply maintain a commercial website accessible to New York residents, this Court agrees with Jord that Wilson has failed to demonstrate personal jurisdiction here.[7]  *See Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, 2018 WL 2022626, at *4 (S.D.N.Y.

---

[6] In his reply in support of his objections, Wilson also asserts that Jord "has two physical locations in New York in which their [sic] products are sold."  Docket Item 27 at 5.  But if a district court ordinarily refuses to consider new evidentiary material raised for the first time in an objection, that is doubly true for new evidentiary material raised for the first time in a reply in connection with an objection.  *Cf. ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 100 n.16 (2d Cir. 2007) ("declin[ing] to consider an argument raised for the first time in a reply brief").

[7] Because Wilson has not made a sufficient showing of personal jurisdiction under the New York long-arm statute, this Court does not address whether the due process clause analysis points to the same result.

Apr. 30, 2018) ("Even the existence of an interactive 'patently commercial' website that can be accessed by New York residents is not sufficient to justify the exercise of personal jurisdiction unless some degree of commercial activity occurred in New York." (quoting *ISI Brands, Inc. v. KCC Int'l, Inc.*, 458 F. Supp. 2d 81, 87-88 (E.D.N.Y. 2006)).

In his reply, Wilson mentions in passing that he "expects that through discovery, he will show that [Jord] has sold its products to New York residents both through its interactive website and through its store locations." Docket Item 27 at 6. If Wilson cannot amend his complaint to show that personal jurisdiction exists here, he may request jurisdictional discovery to "fill any holes in its showing." *Guglielmo v. JEGS Auto., Inc.*, 2021 WL 1026168, at *5 (S.D.N.Y. Mar. 17, 2021) (quoting *Smit v. Isiklar Holding A.S.*, 354 F. Supp. 2d 260, 263 (S.D.N.Y. 2005)). "District courts in this Circuit have allowed jurisdictional discovery where a plaintiff has made less than a prima facie showing but has demonstrated 'a sufficient start toward establishing personal jurisdiction.'" *Id.* (quoting *A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 575 (E.D.N.Y. 2011)). But because Wilson did not make this request to Judge McCarthy, and because the need for jurisdictional discovery will depend on the allegations in any amended complaint (and on whether this Court has subject matter jurisdiction), this Court will not pass on whether jurisdictional discovery is necessary in the first instance.

### III.   LEAVE TO AMEND

Wilson did not request leave to amend in his response, and he does not do so in his objection. Nevertheless, because leave to amend should be "freely given," the Court grants Wilson leave to amend his complaint. *See McCarthy v. Dun & Bradstreet*

9

*Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed. R. Civ. P. 15(a)).  Within 30 days of the date of this order, Wilson may amend his complaint to correct the deficiencies noted above and in the R&R.

## **CONCLUSION**

For the reasons stated above and in the R&R, Jord's motion to dismiss, Docket Item 7, will be granted unless, within 30 days of the date of this order, Wilson amends his complaint to demonstrate that personal jurisdiction exists.[8]  No later than 30 days after any amended complaint is filed, Jord may answer, move against, or otherwise respond to the amended complaint.  If Wilson does not amend his complaint within 30 days of the date of this order, then his complaint will be dismissed without further order and the Clerk of the Court shall close the case.

The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of March 2, 2021, Docket Item 13.

SO ORDERED.

Dated:   March 30, 2022
         Buffalo, New York

                                             */s/ Lawrence J. Vilardo*
                                             LAWRENCE J. VILARDO
                                             UNITED STATES DISTRICT JUDGE

---

[8] Because this Court accepts and adopts Judge McCarthy's recommendation, it does not reach Jord's remaining arguments in its response to Wilson's objection.

10