UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAM WILSON,

                                        **REPORT AND RECOMMENDATION**

                Plaintiff,

                                        20-cv-01899(LJV)(JJM)

v.

JORD INC.,

                Defendant.
_____

        Plaintiff Sam Wilson alleges that defendant Jord Inc. violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). First Amended Complaint [29].[1] Wilson's original Complaint [1] was dismissed due to lack of personal jurisdiction, with leave to replead. *See* Wilson v. Jord, Inc., 2021 WL 6846276 (W.D.N.Y. 2021), adopted, 2022 WL 954421 (W.D.N.Y. 2022). Before the court is Jord's motion to dismiss Wilson's First Amended Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1), 12(b)(2), and 12(b)(6), [30], which has been referred to me by District Judge Lawrence J. Vilardo for initial consideration [13]. Having considered the parties' submissions [30, 32, 33], I recommend that the motion be granted.

## BACKGROUND

        Wilson, who is legally blind, alleges that he attempted to access Jord's website, which sells watches, sunglasses and related products, from his residence in New York, but that because the website was not "compatible with the screen reader programs", he was denied "full and equal access to all of the services the Digital Platform offers", in violation of the ADA. First

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

Amended Complaint [29] at ¶¶ 2-4, 31-32, 45, 51.  He seeks a declaration that Jord violated the ADA and a permanent injunction requiring Jord to bring its website into full ADA compliance. Id. at ¶15, Prayer for Relief.

Jord moves to dismiss the First Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), for lack of personal jurisdiction pursuant to Rule 12(b)(2), and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). Motion to Dismiss [30].  "[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." Sinochem International Co. v. Malaysia International Shipping Corp., 549 U.S. 422, 431 (2007). Because I find that Wilson has failed to establish personal jurisdiction over Jord, I recommend that Jord's motion to dismiss be granted.

## DISCUSSION

"When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." DiStefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir. 2001).  "Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith . . .  legally sufficient allegations of jurisdiction. At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations." Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990).

"In a federal question case, where the defendant resides outside the forum state, federal courts apply the forum state's personal jurisdiction rules if the applicable federal statute does not provide for national service of process." Sunward Electronics, Inc. v. McDonald, 362 F.3d 17, 22 (2d Cir. 2004). Here, New York's long-arm statute, New York Civil Practice Law

and Rules ("CPLR") §302(a), governs plaintiff's claims. Id. CPLR §302(a)(1) authorizes a court to exercise personal jurisdiction over a non-domiciliary defendant where it "transacts any business within the state or contracts anywhere to supply goods or services in the state", and the cause of action asserted against it arises from the "[a]cts which are the basis of jurisdiction". Id.

Wilson alleges that "[t]hrough its Website, [Jord] entered into contracts for the sale of its products and services with residents of New York" and that Jord "participates in the State's economic life by making [its] products available for purchase at two locations within New York". First Amended Complaint [29] ¶¶19, 20. More specifically, Wilson alleges that the "store locator" function on Jord's website leads consumers to stores located in Cherry Grove and Monroe, New York. Id. at ¶ 27. He further alleges "[u]pon information and belief" that Jord "sold its products to New York residents both through its interactive website and through its brick and mortar locations". Id. ¶28.

Although Jord, a Missouri corporation, acknowledges that it sells watches and sunglasses "primarily" through its "web store", it argues that it has no physical store or employees in New York. Shah Declaration [30-2] at ¶¶1-3; Supplemental Shah Declaration [30-4] at ¶ 2. Jord further explains that "the vast majority of [its] sales are made through its website, although it also makes sales to a very few retailers who offer its products in their stores". Supplemental Shah Declaration [30-4] at ¶ 3.

Jord focuses on the second prong of CPLR §302(a)(1) jurisdiction - namely, whether Wilson's claims arise from the "acts which are the basis of jurisdiction". To satisfy that prong, "there must be an articulable nexus or substantial relationship between the business transaction and the claim asserted". Licci v. Lebanese Canadian Bank, 20 N.Y.3d 327, 339 (2012). These parameters limit "the broader 'transaction-of-business' prong to confer

jurisdiction only over those claims in some way arguably connected to the transaction". Id. at 340.

The business transactions identified by Wilson - namely the two physical locations where Jord's products are sold[2] and the hypothetical sales of its products to New York residents facilitated by its web site - fail to establish a proper basis for asserting personal jurisdiction. Although those transactions are undoubtedly business transactions, his claims do not arise from them. Nor does he explain how those transactions could satisfy the nexus element of personal jurisdiction under CPLR §302(a)(1). See Wilson's Opposition at 13.

Highlighting this deficiency, Jord argues that "[p]laintiff's allegations of wrongdoing . . . have no nexus to Defendant 'shipping its products to customers located within the state' or 'making their products available for purchase at two locations.' Plaintiff's allegations relate solely to the functionality of Defendant's website". Jord's Memorandum of Law [30-1] at 8. In support of that argument, Jord cites Mercer v. Rampart Hotel Ventures, LLC, 2020 WL 882007 (S.D.N.Y. 2020), which addressed a similar claim brought by a handicapped New York resident who, while considering an out-of-state trip, visited the defendant's hotel reservation website "to assess the hotel's accessible features and determine whether she could independently reserve an accessible room at the hotel in the same manner as those seeking to reserve non-accessible rooms". The plaintiff alleged she was unable to do so

---

[2] The First Amended Complaint alleges that Jord operates stores in New York: "Defendant has sold its products to New York residents . . . through **its** brick and mortar locations". First Amended Complaint [29] at ¶ 28 (emphasis added). However, Jord insists that it "does not now operate, and has never operated, a store or other physical location from which the goods sold by it can be purchased by the public". Supplemental Shah Declaration [30-4] at ¶ 2. However, even if I were to assume for purposes of this motion that Jord operates or owns the alleged retail locations, Wilson still fails to allege any nexus between sales at those locations and his claims. See Wilson's Opposition at 13. Moreover, Wilson's Opposition does not suggest an alternate basis for personal jurisdiction. Id. at 11-13.

because the website allegedly failed to meet ADA requirements.  Id. at *1-2.  The plaintiff purchased no product or service from the defendant's website. Id. at *2.

In concluding that the plaintiff failed to meet the "arising from" prong, the court explained that "the harm caused by defendant's alleged failure to maintain a proper website is not 'connected' to the defendant's transactions with other New Yorkers. Certainly, plaintiff has alleged that other New York residents are engaging in transactions with the defendant via the exact same website about which plaintiff complains. But the defendant's transactions with other New York residents through that website did not cause plaintiff harm and plaintiff's specific claim in this case does not arise out of those transactions." Mercer, 2020 WL 236843, *5 (S.D.N.Y. 2020), adopted, 2020 WL 882007, supra.

My August 11, 2021 Report and Recommendation [21], adopted by Judge Vilardo [28], recommended that this court grant defendant's motion to dismiss the original Complaint for lack of personal jurisdiction. Id. at 5.  Key to my analysis was Wilson's failure to allege a nexus between any of the business transactions alleged and the harm which he allegedly suffered sufficient to satisfy the elements of personal jurisdiction.  Comparing the facts here to those in Mercer, I concluded "[l]ikewise, here there is no allegation that plaintiff purchased (or attempted to purchase) an item through defendant's website.  Nor does it appear that he intends to do so in the future."  Report and Recommendation [21] at 4.

The allegations of Wilson's First Amended Complaint detailing the "Harm to Plaintiff" ([29], ¶¶ 31-36) are nearly identical to those in his original Complaint ([1], ¶¶ 25-30):

> "31.   Plaintiff attempted to access the Website from his home in Amherst, New York, located in Erie County, **to purchase Defendant's products**.  Unfortunately, because of Defendant's failure to build the Website in a manner that is compatible with screen reader programs, Plaintiff is unable to understand, and thus is denied the benefit of, much of the content and services he wishes

> to access on the Website, **including but not limited to, the ability to purchase Defendant's products**. . . .
>
> 32. These barriers, and others, deny Plaintiff full and equal access to all of the service the **Digital Platform**[3] offers, and now deter him from attempting to use the **Digital Platform to buy Defendant's good and services.** Still, Plaintiff would like to, and intends to, attempt to access the **Digital Platform** in the future to research the products and services the **Digital Platform** offers, or to test the **Digital Platform** for compliance with the ADA."

First Amended Complaint [29], ¶¶ 31-32 (emphasis added to illustrate language added to, or changed from, paragraphs 25 and 26 of the Complaint [1]). However, these revisions do not remedy the deficiencies in the Complaint. The First Amended Complaint fails to allege that Wilson engaged - or even attempted to engage - in a business transaction, or that his injury was related to that transaction. Because Wilson has not remedied those deficiencies, my analysis, and my recommendation, remain unchanged.

Wilson alleges that he "attempted to access the Website from his home in Amherst, New York . . . to purchase Defendant's products". First Amended Complaint [29], ¶31. As in Mercer, however, there is no allegation that he engaged in any commercial transaction with Jord. He neither purchased nor attempted to purchase any item through Jord's website. Nor does it appear that he intends to do so in the future. *See* id. at ¶32 ("Plaintiff would like to, and intends to, attempt to access the Digital Platform in the future to research the products and services the Digital Platform offers, or to test the Digital Platform for compliance with the ADA").

In response to Jord's motion, Wilson agrees that personal jurisdiction in this case is properly considered under CPLR 302(a)(1). Wilson's Opposition [32] at 11. He argues that

---

[3] In paragraph 32, Plaintiff replaced the term "Website" (*see* Complaint [1] at ¶ 26) with the phrase "Digital Platform" (*see* First Amended Complaint [29] at ¶ 32).

Jord's website "purposefully directs activity into a forum state - for example, by making sales of goods or services to New York residents", and that "those activities are sufficient to trigger jurisdiction under section 302(a)(1)".  Id.  He does not, however, cite any case with facts similar to those in this case that supports a finding of personal jurisdiction under CPLR §302(a)(1), nor does he cite any case demonstrating that his limited interactions with Jord's website qualify as a business transaction pursuant to CPLR §302(a)(1).

For example, while he asserts that "Courts in the Second Circuit have found personal jurisdiction when the websites are fully interactive with the State of New York, as in this case" (Wilson's Opposition [32] at 12), none of the cases find personal jurisdiction under the same - or even similar - circumstances as those here.  For example, Wilson cites Mattel, Inc. v. Adventure Apparel, 2001 WL 286728 (S.D.N.Y. 2001) as authority for the proposition that an interactive website like Jord's, that makes "sales of goods or services to New York residents", is "sufficient to trigger jurisdiction under section 302(a)(1)".  Wilson's Opposition [32] at 11.  In Mattel, however, the plaintiff's claims were for trademark infringement related to defendant's use of domain names "barbiesbeachwear.com" and "barbiesclothing.com".  Id. at 1.  Mattel's investigator visited the barbiesbeachwear.com web site, ordered a pair of hosiery, and paid for them over the website with his credit card.  Id.  The defendant shipped the hosiery to the investigator in New York.  Id.

Finding that there was personal jurisdiction over defendant, the court noted that the order of "allegedly infringing merchandise" "not only involved the exchange of payment and shipping information but, moreover, was a commercial transaction that was actually consummated on line.  These activities were sufficient to bring [defendant] into the category of a defendant 'transact[ing] any business,' via the internet, in New York within the meaning of N.Y.

C.P.L.R. § 302(a)(1)." Id. at *3.  Moreover, "Mattel's causes of action for trademark dilution and infringement and for unfair competition arise from this transaction of business because it is precisely the bona fides of these products that Mattel challenges".  Id. at *4 (internal alterations and citations omitted).

Mattel did not involve allegations concerning an allegedly non-ADA-compliant web site  - instead, it involved claims of trademark infringement related to a website bearing trademarked material, and a purchase of merchandise using that trademark-infringing website. Here, Wilson does not allege the purchase - or attempted purchase - of any product from Jord's web site from which his claim arose.  Accordingly, Mattel is distinguishable.

Other cases cited by Wilson are similarly distinguishable.  *See*, e.g. McGraw-Hill Global Education Holdings, LLC v. Khan, 323 F.Supp.3d 488 (S.D.N.Y. 2018) (personal jurisdiction existed where plaintiff alleged defendants sold to New York residents through their website and other on-line forums unauthorized digital copies of plaintiff's copyrighted works); Audiovox Corporation v. South China Enterprise, Inc., 2012 WL 3061518 (E.D.N.Y. 2012) (personal jurisdiction established where plaintiff alleged that New York customers purchased through defendant's website products that infringed upon plaintiff's patent); Camacho v. Vanderbilt University, 2019 WL 6528974, *7 (S.D.N.Y. 2019) (court found personal jurisdiction over defendant for claims concerning a non-ADA compliant website where plaintiff alleged that defendant "use[d] the website to solicit applications during college fairs held in New York State").  Plaintiff's Opposition [32] at 12.

Finally, Wilson does not explain how, despite the lack of caselaw, his interactions with Jord's website satisfy New York's definition of a business transaction.  See id.

Further, although Wilson cites several cases that consider personal jurisdiction over defendants operating websites, the court found in those cases that no personal jurisdiction existed. See Diaz v. Kroger Co., 2019 WL 2357531 (S.D.N.Y. 2019); Guglielmo v. Nebraska Furniture Mart, Inc., 2020 WL 7480619 (S.D.N.Y. 2020); Royalty Network Inc. v. Dishant.com, LLC, 638 F.Supp.2d 410 (S.D.N.Y. 2009). Wilson makes no attempt to distinguish the facts in those cases from the facts here. See Wilson's Opposition [32] at 12.

Wilson urges me to follow the reasoning of "courts from other districts [that] have found personal jurisdiction over inaccessibility of websites for visually impaired individuals". Id. Those cases, however, either do not stand for the proposition cited, interpret a different state's long-arm statute, are otherwise factually dissimilar, or do not analyze personal jurisdiction. See Murphy v. Humboldt Clothing Co., Inc., 2021 WL 307541 (W.D.Pa. 2021) (court found that plaintiff had not satisfied its burden to demonstrate personal jurisdiction over defendant, but nonetheless denied defendant's Rule 12(b)(2) motion in order to permit jurisdictional discovery); Access Now, Inc. v. Otter Products, LLC, 280 F.Supp.3d 287 (D.Mass. 2017) (interpreting Massachusetts' long-arm statute); Access Now, Inc. v. Sportswear, Inc., 298 F.Supp.3d 296 (D. Mass. 2018) (same); Carroll v. FedFinancial Federal Credit Union, 324 F.Supp.3d 658 (E.D.Va. 2018) (interpreting Virginia's long-arm statute in context of website that explicitly solicited business from Virginia residents); Gathers v. 1-800-Flowers.com, 2018 WL 839381 (D.Mass. 2018) (personal jurisdiction neither raised nor discussed). Despite these differences, plaintiff does not explain why this court should find any of these cases persuasive. See Plaintiff's Opposition [32] at 13.

Wilson has cited to no authority supporting the existence of personal jurisdiction. Therefore, I recommend that the First Amended Complaint be dismissed for lack of personal

jurisdiction. Based on this recommendation, it is unnecessary for me to address Jord's Rule 12(b)(1) and 12(b)(6) motions. See Mohamed v. Erinys International Ltd., 2010 WL 3359518, *2 (S.D. Tex. 2010) ("[b]ecause the Court finds that Erinys UK should be dismissed for lack of personal jurisdiction, it does not reach the arguments regarding subject matter jurisdiction"); Harty v. Simon Property Group, L.P., 428 Fed. Appx. 69, 72 (2d Cir. 2011) (Summary Order) ("[b]ecause the district court dismissed Harty's ADA claim for lack of standing, however, it lacked jurisdiction to adjudicate Simon's alternative motion to dismiss for failure to state a claim").

## CONCLUSION

For these reasons, I recommend that Jord's motion to dismiss Wilson's First Amended Complaint for lack of personal jurisdiction [30] be granted. Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by January 19, 2023. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each

objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: January 5, 2023

                                                          _____
                                                          JEREMIAH J. MCCARTHY
                                                          United States Magistrate Judge